(94 South. 201)

A. C. SCHARNAGEL & SONS et al. v. BRITTON. (8 Div. 949.)

(Court of Appeals of Alabama. Oct. 31, 1922.)

Evidence ⬅️158(27) — Written contract between parties to mortgage best evidence of relation.

Where the relations between mortgagor and mortgagee were governed by a written contract, it was the best evidence of such relations.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action in trover by A. L. Britton against A. C. Scharnagel & Sons and others. From a judgment for plaintiff, defendants appeal. Affirmed.

B. H. Sargent, of Russellville, for appellants.

It was error to refuse to allow the question to the witness Pounders, whether he was renting the land from Todd. 122 Ala. 414, 26 South. 1. Judgment was erroneously rendered for the plaintiff. 101 Ala. 87, 14 South. 98; 85 Ala. 594, 5 South. 345.

J. Foy Guin, of Russellville, for appellee.

The relations of Pounders to Todd being governed by a written contract, that contract was the best evidence of such relations. 149 Ala. 354, 43 South. 15; 146 Ala. 349, 39 South. 449. The findings of the trial court will not be disturbed, unless palpably contrary to the evidence. 14 Ala. App. 97, 71 South. 976.

BRICKEN, P. J. The complaint contained one count, the action being for the alleged conversion of one bale of cotton upon which appellee had a mortgage. From a judgment for plaintiff, appellee here, this appeal is taken.

The case was tried before the court without a jury, and we think the evidence fairly supports the finding of the court below.

There are but two assignments of error. The first relates to the ruling of the court upon the testimony of M. F. Pounders, the mortgagor. There was no error in this connection, as the evidence showed that his (Pounders') relation with Todd was governed by a written contract, and it is elementary that the written contract itself was the best evidence of such relations, and the court so ruled.

The second assignment is not borne out by the record, as there was ample evidence that the bale of cotton in question was one of the bales described in the mortgage.

The judgment rendered is affirmed.

Affirmed.